UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALEKSANDR DAVYDOV, A# 246-571-660, Petitioner, v. JEREMY CASEY, Warden, Imperial Regional Detention Facility; and U.S. DEPARTMENT OF HOMELAND SECURITY, Respondents. | Case No.: 25-cv-845-RSH-AHG  **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
|---|---|

Petitioner Aleksandr Davydov seeks habeas relief from this Court pursuant to 28 U.S.C. § 2241. As set forth below, the Court denies the petition.

## I. BACKGROUND

### A. This Action

On April 7, 2025, petitioner Aleksandr Davydov initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The petition named as respondent the U.S. Department of Homeland Security ("DHS"). Petitioner, a native and citizen of Russia, alleged that he was wrongfully detained by the DHS pending removal proceedings, and sought release from immigration custody. ECF No. 1 at 7.

     Along with the petition, Petitioner also filed a motion for leave to proceed in forma pauperis ("IFP"). ECF No. 2. On April 14, 2025, the Court granted Petitioner's IFP Motion, ECF No. 3, and the following day the Court issued a schedule for briefing the merits of the petition, ECF No. 4.

     After DHS filed its response to the petition, but before the due date for Petitioner's reply brief, Petitioner began filing a series of additional documents. *See* ECF Nos. 7, 8, 10, 11. Among these documents was a request to amend his petition, including by naming as respondent the warden of the facility in which Petitioner is detained. *See* ECF No. 7 at 3.[1] DHS opposed the request to amend, other than the addition of Jeremy Casey, on the grounds that amendment would be futile. ECF No. 9 at 6.

     On June 25, 2025, the Court granted Petitioner's leave to amend, and construed his filing at ECF No. 8 as his Amended Petition. ECF No. 12 at 3. The Court set a further briefing schedule, providing that DHS "may file an opposition to the Amended Petition no later than July 9, 2025," and that "Petitioner may file an optional reply no later than July 23, 2025." *Id.* DHS thereafter timely filed an opposition. ECF No. 14.

     Subsequent to the Court's order granting leave to amend, Petitioner has made six additional filings requesting various forms of relief. ECF Nos. 13, 15, 17-20.[2] None of these filings is styled as a reply brief or as a traverse to Respondent's opposition. Several of the filings requesting an immediate decision from the Court on the merits of the petition. ECF No. 13 at 1; ECF No. 15 at 1; ECF No. 19 at 1. Although Petitioner's time to file an optional reply has not yet elapsed, under the circumstances, the Court will proceed to address the merits of the operative petition rather than awaiting further briefing.

///

---

[1]     Page numbers cited herein refer to the ECF-generated numbers at the top right of each page.

[2]     ECF Nos. 13 and 15 appear to be copies of identical documents filed by Petitioner at different times.

B.     **Immigration Proceedings**

On August 8, 2024, Petitioner applied for admission to the United States from Mexico at the Calexico West Port of Entry in Calexico, California, pursuant to a valid appointment made on the CBP One application. ECF No. 6-1 ¶ 15. Petitioner was determined to be inadmissible under 8 U.S.C. § 212(a)(7)(a)(i)(I), which applies to arriving aliens not in possession of a valid entry document. *Id.* U.S. Customers and Border Protection ("CBP") placed Petitioner in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). *Id.* ¶ 17. CBP then transferred Petitioner to the custody of U.S. Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 18.

Petitioner claimed a fear of persecution or torture if removed to Russia, and accordingly he was referred for a credible fear interview by an asylum officer pursuant to 8 U.S.C. § 1225(b)(1)(B)(i). *Id.* ¶ 20. On August 25, 2024, an asylum officer determined that Petitioner had a credible fear of torture if removed to Russia. *Id.* ¶ 21. Petitioner was thereafter placed in removal proceedings pursuant to 8 U.S.C. § 1229a via service of a Notice to Appear. *Id.* ¶ 22. *See also* 8 C.F.R. § 208.30(e)(5)(i) (providing for the issuance of a Notice to Appear following an asylum officer's determination that an alien has a credible fear).

On September 10, 2024, ICE considered Petitioner for parole pursuant to ICE Directive 11002.1, *Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture* (Dec. 8, 2009). *See* ECF No. 6-1 ¶ 24. ICE determined on that date that Petitioner should not be paroled from detention because he had not established that he is not (1) a danger to the community or a security risk or (2) a risk of flight. *Id.*

On November 1, 2024, Petitioner filed applications for relief from removal. *Id.* ¶ 26.

On December 2, 2024, Petitioner admitted each of the factual allegations contained in the Notice to Appear. *Id.* ¶ 28. Based on those admissions, the Immigration Judge sustained the charge of inadmissibility under 8 U.S.C. § 1182(a)(7)(a)(i)(I), and designated Russia as the country of removal. *Id.*

///

|   |   |
|---|---|
| 1 | On February 14, 2025, Petitioner requested that the Immigration Judge redetermine his custody. *Id.* ¶ 30. Petitioner withdrew this request on February 26, 2025. *Id.* |

On February 14, 2025, Petitioner requested that the Immigration Judge redetermine his custody. *Id.* ¶ 30. Petitioner withdrew this request on February 26, 2025. *Id.*

On April 11, 2025, Petitioner again requested that the Immigration Judge redetermine his custody. *Id.* ¶ 32. On April 17, 2025, the Immigration Judge denied the motion on the basis that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1). *Id. See also* 8 U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum."). The Immigration Judge also denied the motion on the basis that Petitioner was an arriving alien and therefore ineligible for custody redetermination before the Immigration Judge. ECF No. 6-1 ¶ 32.

On May 7, 2025, Petitioner stated at his removal proceedings that he wished to abandon his pending relief applications. *Id.* ¶ 35. The same day, the Immigration Judge denied all forms of relief from removal and ordered Petitioner removed to Russia. *Id.* ¶ 36. Petitioner subsequently filed an appeal with the Board of Immigration Appeals ("BIA"). ECF No. 14-1 at 2. However, he thereafter wrote a letter to the BIA, stating: "I respectfully request that the Board of Immigration Appeals dismiss my appeal of the judge's decision of May 7, 2025, and declare this appeal to be invalid." ECF No. 11 at 2.

On July 2, 2025, the BIA issued a decision as follows:

> This Board has been advised that the … appeal of the Immigration Judge's May 7, 2025, order has been withdrawn. *See* 8 C.F.R. § 1003.4. Since there is nothing now pending before the Board, the record will be returned to the Immigration Court without further action.

ECF No. 14-1 at 2. Petitioner's removal order is therefore final. *See* 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [u]pon dismissal of an appeal by the Board of Immigration Appeals.").

///

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner ….").

The Supreme Court has explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[H]abeas relief applies to petitioners seeking relief from executive detention but not to petitioners seeking to remain in the United States." *Rauda v. Jennings*, 55 F.4th 773, 779 (9th Cir. 2022) (citing *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 116–20 (2020)). In determining whether a claim sounds in habeas, "the relevant question is whether, based on the allegations in the petition, release is legally required irrespective of the relief requested." *Pinson v. Carvajal*, 69 F.4th 1059, 1072 (9th Cir. 2023).

Additionally, federal law limits "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter" to "judicial review of a final order under this section," except as otherwise provided. 8 U.S.C. § 1252(b)(9). Federal law further provides that notwithstanding any habeas provision, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter," except as otherwise provided. 8 U.S.C. § 1252(a)(5); *see also J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) ("Taken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue—whether legal or factual—arising from *any* removal-related activity can be

reviewed only through the [Petition for Review] process.").

A § 2241 habeas petition is subject to the Rules Governing Section 2254 Cases in the U.S. District Courts. *See* 28 U.S.C. foll. § 2254 ("Habeas Rules"), Rule 1(b) (court may apply rules to habeas petitions other than petitions filed under § 2254). Under Habeas Rule 2(c), a petition "must … specify all the grounds for relief available to the petitioner" as well as "state the facts supporting each ground."

**III. ANALYSIS**

The Amended Petition alleges (1) that Petitioner is unlawfully detained, because he previously applied for and received humanitarian parole, pursuant to 8 U.S.C. § 1182(d)(5)(A); and (2) that his prolonged detention without an individualized bond hearing violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 8 at 2.

As to his alleged grant of parole, Petitioner asserts that he applied for and received that parole "[w]hile in Mexico" and before coming to the United States. *Id.* The Amended Petition does not provide further detail on when or how he applied for or obtained this parole. Indeed, another portion of the Amended Petition alleges that he obtained this parole *after* he presented himself for admission in Calexico, California. *Id.* at 5 ("Petitioner lawfully presented at the U.S. port of entry in Calexico, California in August 2024 and requested asylum pursuant to INA § 208. Petitioner was inspected, processed, and granted humanitarian parole …."). In contrast, Petitioner's initial Petition did not assert that he had been granted humanitarian parole, either while in Mexico or after applying for admission to the United States. That Petition, signed under penalty of perjury, asserted that the DHS "*refused* to grant parole without proper justification." ECF No. 1 at 3 (emphasis added).

Respondent filed a declaration reflecting that on September 10, 2024, ICE affirmatively considered Davydov for parole, but determined that he should not be paroled. ECF No. 6-1 ¶ 24. Petitioner has not meaningfully rebutted this evidence, and the Court does not accept the varying assertions in the Amended Petition that he was indeed granted parole while in Mexico and/or at the time of applying for admission to the United States on this occasion.

It bears noting that there was one prior occasion in which Petitioner *was* paroled from immigration detention. Respondent states in a sworn declaration that Petitioner previously applied for admission to the United States on December 23, 2022, and that after being placed in immigration custody he was later paroled on January 17, 2023. ECF No. 6-1 ¶¶ 6, 9. Respondent further states that on March 25, 2023, while in removal proceedings, Petitioner left the United States without having been granted voluntary departure by the immigration court. *Id.* ¶ 11. Consistent with Respondent's declaration, Petitioner has submitted records to the Court that include an "Interim Notice Authorizing Parole," dated January 18, 2023. ECF No. 7-1 at 12. The Notice states: "Your parole authorization is valid for one year beginning from the date on this notice and will automatically terminate upon your departure or removal from the United States or at the end of the one-year period unless ICE provides you with an extension at its discretion." *Id.*

Petitioner's claim of parole in his Amended Petition does *not* appear to be asserting that this earlier grant of parole was somehow legally operative for his return to and subsequent application for admission to the United States in August 2024; instead, he submit this prior parole document to establish that "I do not pose a threat to the public or to U.S. national security." ECF No. 7 at 1. Even if he were relying on the earlier grant of parole to entitle him to parole in his current immigration case, such grant by its terms had automatically expired upon his departure from the United States on March 23, 2023, and even absent his departure would have expired by its terms in one year from the date of issuance, which would be January 18, 2024. *See* ECF No. 7-1 at 12; *see also* 8 C.F.R. § 212.5(e)(1)(i) (providing for automatic termination of parole "upon the departure from the United States of the alien, or … if not departed, at the expiration of the time for which parole was authorized"). Thus, such parole had long since expired when Petitioner later applied for admission on August 8, 2024.

Petitioner is now subject to a final order of removal, following the BIA's dismissal of Petitioner's appeal on July 2, 2025. ECF No. 14-1 at 2.  His detention is governed by 8 U.S.C. § 1231, a section entitled "Detention and removal of aliens ordered removed." The

statute provides that for a period of 90 days after a removal order becomes administratively final, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A);[3] *see J.L. v. Decker*, No. 1:22-cv-2853-MKV, 2024 U.S. Dist. LEXIS 10894, at *2 (S.D.N.Y. Jan. 22, 2024) ("The BIA's dismissal made Petitioner's removal order administratively final, shifting the statutory provision governing Petitioner's detention . . . to 8 U.S.C. § 1231). This statute is the basis for Petitioner's present lawful detention.

In *Zadvydas*, relied upon by Petitioner, the Supreme Court held that detention during the first six months after entry of a final removal order is presumptively reasonable. 533 U.S. at 701. The Court explained that "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Under *Zadvydas*, based on the final order of removal that became administratively final on July 2, 2025, Petitioner's detention at this time is lawful.

To the extent that the Amended Petition reaches beyond his challenge to the legality of his detention, and instead challenges the merits of his removal order or contends that he is entitled to relief from removal, those claims are without merit. *See Thuraissigiam*, 591 U.S. at 120; 8 U.S.C. § 1252(b)(9). Petitioner initially appealed his removal order to the BIA, and in the event of an adverse ruling, could have then filed a petition for review with the U.S. Court of Appeals for the Ninth Circuit. Instead, Petitioner asked the BIA to dismiss his appeal, which it did. Any remaining grounds for relief asserted in the Amended Petition are conclusory and fail to state a claim, and based on Petitioner's filings in this action the Court concludes that further amendments to the pleadings would be futile.

The Court therefore denies the Amended Petition, without prejudice to Petitioner filing a new petition in the event his immigration detention, following his removal order

---

[3] 8 U.S.C. § 1231(a)(3) provides that "[i]f the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."

which became administratively final on July 2, 2025, becomes unduly prolonged.

In light of this disposition, Petitioner's motions for a stay of removal and to expedite consideration of his case [ECF Nos. 18, 19], and Respondent's objections to Petitioner's multiple filings [ECF No. 21], are denied as moot.

## IV.  CONCLUSION

For the foregoing reasons, the Amended Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 21, 2025

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge